THE LAW FIRM OF
ADAM C. WEISS, PLLC

3 SCHOOL STREET, STE. 303
GLEN COVE, NEW YORK 11542

45-18 COURT SQUARE, STE 400
LONG ISLAND CITY, NEW YORK 11101

TELEPHONE: (516) 277-2323
FACSIMILE:   (516) 759-2556
adam@acweisslaw.com
www.acweisslaw.com

December 1, 2023

**Via ECF**

Judge Nelson Stephen Román
Southern District of New York
300 Quarropas St., Courtroom 218
White Plains, NY 10601-4150

     Re: *Hodges v. McGough Enterprises, LLC, Et al.*
      Case No.: 7:23-cv-05016-NSR

Your Honor:

     We represent Defendant/Counterclaim Plaintiff, Meagan McGough ("Defendant"), in the above-referenced action and write in response to the letter submitted by counsel for Plaintiff/Counterclaim Defendant, Jamie Hodges ("Plaintiff").

     Contrary to the assertions made by Plaintiff's counsel in their correspondence, the conversation on November 15, 2023, occurred _after_ their client had already defaulted by failing to answer the counterclaims by the Court-ordered deadline of November 10, 2023.  At that time, Defendant's counsel expressly indicated to Plaintiff's counsel that their client was in default.  Any discussions post the lapse of the deadline cannot and do not alter the fact of the default, nor imply our consent to any extension or waiver of such default.

     It is our position that the purported "miscommunication" does not constitute good cause to set aside the Clerk's Certificate of Default.  The deadline for Plaintiff to respond to the counterclaims was clear, and their failure to do so within the stipulated time has substantially prejudiced our client.  As such, Plaintiff's Answer to the counterclaims, filed subsequent to the default, should not be considered timely nor should it preclude the entry of default judgment.

     Upholding the Clerk's Certificate of Default is necessary to prevent Plaintiff's continued manipulation of the judicial process and further prejudice to Defendant.  Plaintiff's pattern of conduct, including requesting extensions and then failing to file a timely response, followed by a post-deadline inquiry about a potential further extension, suggests a deliberate strategy to use procedural leniency as a stalling tactic.

THE LAW FIRM OF
ADAM C. WEISS, PLLC

Ltr to Judge Roman
December 1, 2023
Page 2 of 2

It is imperative to highlight the timeline of compliance—or rather, the lack thereof—by the Plaintiff. Plaintiff initiated this action on June 15, 2023, with service of the summons and complaint being properly executed upon the Defendants, followed by a timely response. Defendants filed an answer to Plaintiff's complaint on August 31, 2023, and subsequently, an amended answer with counterclaims on September 21, 2023. Recognizing Plaintiff's need for additional time to respond to the counterclaims, Defendants agreed to two extensions in a show of professional courtesy. The first extension set a new deadline for October 27, 2023, and the second, a final extended deadline for November 10, 2023. Despite these accommodations, Plaintiff failed to file an answer to the counterclaims by the agreed-upon deadline.

Instead of adhering to the deadlines, Plaintiff filed a consent letter motion for discovery/removal from mediation on November 8, 2023—two days before the expiration of the second extension. Notably absent was any communication or request for a further extension, which would have been the proper protocol if the Plaintiff could not meet the second deadline. The failure to comply with not one but two deadlines granted as a professional courtesy and then to file an answer more than a week after the final extended deadline indicates a pattern of dilatory behavior. This conduct not only flouts the professional courtesies extended by Defendant but demonstrates that Plaintiff's lack of timely compliance is willful and strategic. *See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996).

This matter has now reached a juncture where further leniency would be inappropriate, as it would only perpetuate the prejudice already suffered by Defendant due to Plaintiff's noncompliance. *See Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02CV9044-LTS-GWG, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). Plaintiff's willful disregard for court deadlines has already caused significant and ongoing prejudice to Defendant, manifesting in sustained emotional distress and reputational damage within the Irish dance community. The failure to address the counterclaims promptly amplifies this prejudice, as it allows damaging allegations to remain in the public domain, undermining McGough's professional standing and personal well-being. Such inaction on the part of the Plaintiff, which has extended the litigation unduly, solidifies the necessity of upholding the default to prevent further harm.

Given these circumstances, we respectfully request that the Court deny Plaintiff's motion to vacate the default and extend the time to answer. Furthermore, we seek an order from this Court striking Plaintiff's untimely answer.

Respectfully submitted,

Adam C. Weiss

cc:    Counsel for Plaintiff