UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JAMIE HODGES,                                          Docket No. 23-CV-05016 (NSR)

                  Plaintiff,

      -against-                                    **AFFIRMATION IN**
                                                       **OPPOSITION TO**
                                                       **PLAINTIFF'S MOTION**
MCGOUGH ENTERPRISES LLC, individually                  **TO WITHDRAW AS**
and d/b/a MCGOUGH ACADEMY, and MEAGAN                   **ATTORNEY**
MCGOUGH, individually,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**ADAM C. WEISS**, being duly sworn, deposes and says:

1.     I am an attorney duly admitted to practice in the state of New York and represent Defendants, MCGOUGH ENTERPRISES LLC, individually and d/b/a MCGOUGH ACADEMY, and MEAGAN MCGOUGH, in the above-captioned matter.

2.     I submit this affirmation in opposition to Plaintiff's Attorney's motion to withdraw as counsel and for a 90-day stay of proceedings.[1]

3.     Plaintiff initiated this action on June 15, 2023. Service of the summons and complaint was duly executed upon the defendants, following which a timely response was made. (Docket No. 1).

4.     On August 31, 2023, Defendants filed an answer to Plaintiff's complaint. (Docket No. 10).

5.     Subsequently, on September 21, 2023 Defendants filed an amended answer with counterclaims. (Docket No. 13).

---

[1] Defendants do not oppose Plaintiff's motion insofar as it requests permission to withdraw as counsel. Defendants only oppose the proposed 90-day stay of proceedings as it is excessive given the circumstances of this case.

6.      Plaintiff sought and received two extensions to file an answer to the counterclaims (Docket Nos. 14 and 16).

7.      The final deadline set for Plaintiff to file an answer was November 10, 2023 (Docket No. 17).

8.      However, Plaintiff failed to respond by this deadline.

9.      Instead, Plaintiff filed a consent letter motion for discovery/removal from mediation on November 8, 2023. (Docket No. 18).

10.      Plaintiff's failure to timely answer the counterclaims resulted in continued distress and reputational harm to the Individual Defendant, Meagan McGough.

11.      Despite the goodwill she has fostered within the Irish dance community through McGough Enterprises LLC and McGough Academy, Plaintiff's allegations and threats-amplified by his non-responsiveness-have cast a shadow over her distinguished reputation, causing ongoing emotional harm.

12.      Notably, Individual Defendant has been subjected to Plaintiff's extortionist demands, specifically the reprehensible request for her to dissolve her marital union.

13.      This demand, coupled with the threat of public disclosure of videos of Individual Defendant engaging in sexual acts, has placed an undue burden on her personal life, exacerbated by the protracted litigation process due to Plaintiff's noncompliance.

14.      The evidence of the relationship's consensual nature, as substantiated by an abundance of text messages detailed in the counterclaims, stands in stark contrast to Plaintiff's narrative that the relationship was non-consensual.

15.     In seeking a default judgment against Plaintiff, Defendants respectfully urged this Honorable Court to recognize the multifaceted harm inflicted upon them, attributable directly to Plaintiff's actions and inactions.

16.     Plaintiff untimely filed an answer to the counterclaims on 11/28/2023. (Docket No. 26).

17.     By Order dated 12/4/2023 this honorable Court vacated the Clerk's Certificate of Default due to, in its opinion, a limited delay and lack of prejudice toward Defendants. (Docket No. 30).

18.     On 12/6/2023, Plaintiff's attorney filed a motion to withdraw as counsel and requested a 90-day stay of proceedings for Plaintiff to obtain new legal counsel. (Docket No. 31).

19.     This motion comes after a series of procedural delays, each contributing to ongoing and substantial prejudice to Individual Defendant.

20.     While we do not oppose the withdrawal of Plaintiff's counsel, we contend that the requested 90-day stay of proceedings is excessive and would further prejudice our client.

21.     Individual Defendant has already endured significant reputational harm due to the delay in these proceedings.

22.     Continuation of this case in the public eye, with ongoing media coverage, exacerbates this harm.[2]

---

[2] Media coverage about this case can be found online at: https://www.sundayworld.com/news/irish-news/irish-dancer-accuses-female-academy-owner-of-pursuing-him-for-sex-in-shock-court-case/a1234696555.html and also at https://www.independent.ie/podcasts/the-indo-daily/the-indo-daily-blackmail-sexual-harassment-and-explicit-messages-the-explosive-irish-dancing-lawsuit/a372291907.html.

23.       A more reasonable stay of proceedings, such as 30 days, would be adequate for Plaintiff to obtain new representation without causing undue prejudice to Individual Defendant, particularly here where Plaintiff has been on notice of this pending motion for several months already and he should have been taking steps to secure new counsel.

24.       Therefore, it is respectfully requested that this Court deny the motion, in part, concerning the 90-day stay of proceedings and instead grant a maximum of 30-day stay of proceedings for Plaintiff to secure new counsel, in the interests of justice and efficiency.

Dated: Glen Cove, New York
      January 26, 2024

_____
   Adam C. Weiss