# THE LAW FIRM OF
# ADAM C. WEISS, PLLC

3 SCHOOL STREET, STE. 303
GLEN COVE, NEW YORK 11542
TELEPHONE: (516) 277-2323
FACSIMILE:   (516) 759-2556
adam@acweisslaw.com
www.acweisslaw.com

July 11, 2024

**Via ECF**

Judge Nelson Stephen Román
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
Courtroom 218
White Plains, NY 10601-4150

**Re: *Hodges v. McGough Enterprises, LLC, Et al.***
      Case No.: 7:23-cv-05016-NSR

Dear Judge Román:

This firm represents the defendants/counterclaim plaintiffs, McGough Enterprises LLC, d/b/a McGough Academy, and Meagan McGough. Pursuant to Your Honor's order dated June 17, 2024, we write to set forth the bases for our proposed motions: (1) to dismiss the plaintiff's claims for failure to prosecute, and (2) for default judgment on our counterclaims.

The Southern District of New York has the discretion to dismiss the plaintiff's claim for failure to prosecute. *Schwarz v. U.S.*, 384 F.2d 833 (1967); *Raber v. Merck, Sharp & Dohme Corp.*, 526 Fed.Appx. 17 (2013). In this case, the plaintiff has demonstrated a persistent pattern of non-compliance and failure to prosecute. This pattern includes failing to respond to our counterclaims by the court-ordered deadline of November 10, 2023, despite being granted two extensions and, most recently, failing to comply with the Court's March 14, 2024 order to inform the Court whether he has engaged new counsel or intends to proceed pro se. *See* Docket No. 42. The plaintiff is now in Thailand and has not retained new counsel, demonstrating his unwillingness to prosecute this action.

The Second Circuit uses five factors to determine if dismissal for failure to prosecute is warranted. *Martens v. Thomann*, 273 F.3d 159 (2001); *Baptiste v. Sommers*, 768 F.3d 212 (2014)).

1

All five factors weigh heavily in favor of dismissal in this case. The plaintiff's non-compliance has persisted for months, spanning multiple court-ordered deadlines. As demonstrated by our previous motion for default judgment, the plaintiff was aware that the defendants could no longer tolerate his delay tactics. This gave him unequivocal notice that his continued non-compliance would likely result in severe consequences, including the potential dismissal of his claims.

The defendants continue to suffer severe and ongoing prejudice due to the plaintiff's delay. Each day this frivolous claim persists, Ms. McGough's reputation in the Irish dance community—a close-knit and reputation-dependent field—suffers further damage. The longer these baseless allegations remain unresolved, the more entrenched the harm becomes, potentially causing irreparable damage to her professional standing. Ms. McGough's entire life has been thrown into turmoil due to these unfounded claims, causing severe emotional distress and affecting her personal relationships and professional endeavors.

The pattern of the plaintiff's behavior—repeatedly requesting extensions, failing to answer the counterclaims until the defendant motioned for default judgment, and failing to comply with this Court's most recent order—clearly demonstrates a strategy of delay and avoidance. This pattern was evident when we previously moved for default judgment, and the case has continued to play out precisely in the manner the defendants feared. *See* Docket No. The plaintiff is avoiding his legal fate while Ms. McGough's personal and professional life remains in shambles.

Given the plaintiff's complete disengagement from the litigation process and location abroad, less drastic sanctions are unlikely to be effective. Given the plaintiff's persistent non-compliance, the court's interest in managing its docket outweighs the plaintiff's interest. *Cioce v. County of Westchester*, 123 Fed.Appx. 451 (2005).

Regarding our motion for default judgment on our counterclaims, we submit that the plaintiff's willful default and the prejudice suffered by the defendants justify such a judgment. Despite the leniency afforded by two extensions, the plaintiff's previous failure to timely answer the counterclaims demonstrates willful default and a deliberate disregard for the judicial process and the defendant's rights. Given the plaintiff's complete non-participation in this litigation, there is no indication that he has a meritorious defense to our counterclaims or intends to defend against them properly.

The need for a default judgment is clear: to halt the ongoing harm and allow Ms. McGough to restore her good name and professional integrity. When we initially moved for default, we expressed grave concerns about the impact of continued delays. Subsequent months have borne out and exacerbated these concerns. The prejudice to the defendants, particularly Ms. McGough, grows with each passing day the plaintiff's frivolous claims persist.

In light of the above, we respectfully request that the Court grant our motions to dismiss the plaintiff's claims for failure to prosecute and set the matter for an inquest to determine damages on our counterclaims unopposed. We appreciate the Court's attention to this matter and are available to provide any additional information the Court may require.

                                                  Respectfully submitted,

                                                  Adam C. Weiss

ACW:

cc:      Jamie Hodges (via E-mail and International FedEx)

3