USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMIE HODGES,

                Plaintiff,

   -against-

McGOUGH ENTERPRISES, LLC, et al.,

                Defendants.

7:23-CV-5016 (NSR)

ORDER TO SHOW CAUSE

---

NELSON S. ROMÁN, United States District Judge:

    Jamie Hodges ("Plaintiff") commenced this action on June 15, 2023. (ECF No. 1). On December 6, 2023, Plaintiff's counsel ("Former Counsel") requested leave to withdraw, citing a breakdown in the attorney-client relationship. (ECF No. 31). The Court issued a memorandum endorsement on December 8, 2023 directing Plaintiff and the Defendants to respond. (ECF No. 32).

    Defendants filed a response on January 26, 2024 indicating they did not oppose Former Counsel's withdrawal. (ECF Nos. 36, 37). Plaintiff did not respond. On March 14, 2024, the Court granted Former Counsel leave to withdraw and stayed the matter for thirty days. (ECF No. 38). Plaintiff was also directed to inform the Court by April 15, 2024 whether he had engaged new counsel or intended to proceed *pro se*. (*Id.*). Plaintiff again did not respond.

    On June 17, 2024, the Court deemed Plaintiff to be proceeding *pro se* due to his failure to engage with this matter or respond to the Court's directives. (ECF No. 42).

    On July 11, 2024, Defendants filed a letter, pursuant to the Court's June 17 order, setting forth their bases for proposed motions to dismiss and for default judgment on Defendants' counterclaims.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."). "Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id*. (internal quotation marks omitted). In particular, the Court should consider: "(1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions." *Id*. (internal quotation marks omitted).

It has been over six months since Former Counsel informed the Court of the breakdown of the attorney-client relationship. Further, Plaintiff has repeatedly ignored directives from the Court and has not engaged with this matter since Former Counsel requested leave to withdraw. Plaintiff's failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cnty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016). Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before August 9, 2024 why its claims against Defendants should not be dismissed with prejudice for want of prosecution pursuant to Fed R. Civ. P. 41(b). Failure to comply with this Court's present order will result in dismissal of this action for want of prosecution.

3

Defendants are directed to serve a copy of this Order to Plaintiff via email and USPS Priority Mail Express International forthwith and to file proof of service on the docket.

Dated: July 19, 2024
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge