UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
JAMIE HODGES,

                                          Plaintiff,

                                          -against-

MCGOUGH ENTERPRISES LLC, individually and
d/b/a MCGOUGH ACADEMY, and MEAGAN
MCGOUGH, individually,
                                          Defendants.
----------------------------------------------------------------------X
Index No.: 23 CIV 05016 (NSR)

**URGENT MOTION FOR INJUNCTIVE RELIEF AND GAG ORDER**

----------------------------------------------------------------------X

*[MEMO ENDORSED]*

Plaintiff, Jamie Hodges, respectfully moves this Court for an order granting an immediate injunction against the defendant, Meagan McGough, to prevent her from engaging in any direct or indirect contact with the plaintiff, the plaintiff's family members, or third parties regarding the ongoing litigation in this matter.

In support of this motion, Plaintiff states as follows:

1. On October 9, 2023, the defendant, Meagan McGough, sent a message to Plaintiff's mother, which was insulting, harassing, and personally degrading to both the Plaintiff and his mother. This communication constitutes harassment under New York law. The court in *People v. Shack (86 N.Y.2d 529, 1995*) held that repeated, unwanted communications with the intent to harass or annoy can be sufficient to justify injunctive relief. Defendant's actions clearly demonstrate an intent to intimidate and cause emotional distress. This is found at Exhibit 1 below.

2. Defendant has engaged in a pattern of defamatory conduct. Through her 'anonymous' Instagram account under the handle 'tattle_trebles,' McGough has made false and defamatory statements about the Plaintiff and other individuals, specifically with the intent to damage Plaintiff's reputation. This included posting of an email from previous counsel of which only her and plaintiff were in receipt of. This private (and privileged) email was

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/2024

posted with the defendant knowing the judgement was overturned on appeal. They were also aware that this **same** woman was found guilty of defamation, with it also deliberately misconstruing how counsel was outlining the worst case scenario in this, and was posted to make it appear that it was a fact. Under *Rosenberg v. MetLife, Inc.* (8 N.Y.3d 359, 2007), New York courts have held that defamatory statements made in bad faith and with malicious intent can support claims for injunctive relief. This post is found in Exhibit 2 below.

3. The ongoing harassment through both direct messages and defamatory public statements constitutes an abuse of process and an attempt to interfere with the legal proceedings in this matter. In *Murry v. Gelber (870 N.Y.S.2d 378, 2008)*, the court granted an injunction to prevent further harassment and public defamation, recognizing that such actions have the potential to significantly prejudice court proceedings.

4. Plaintiff further requests that the Court issue an immediate order enjoining the Defendant from contacting Plaintiff, Plaintiff's family members, or third parties regarding the case, directly or indirectly, and from making any public statements, including on social media, which are intended to defame, harass, or otherwise damage the Plaintiff.

5. Courts have routinely granted injunctive relief in cases where there is a clear pattern of harassing or defamatory behavior, particularly where the conduct is intended to disrupt court proceedings or cause emotional harm. In *People v. Louis (9 A.D.3d 725, 2004),* the court acknowledged the need for injunctions to prevent ongoing harassment and protect the integrity of the legal process.

WHEREFORE, Plaintiff respectfully requests this Court immediately grant:

A. An immediate injunction against Defendant, prohibiting all forms of direct or indirect contact with Plaintiff, Plaintiff's family, or third parties regarding the litigation;
B. A gag order preventing Defendant from making public or private statements regarding this case on any platform;
C. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Jamie Hodges

Dated: October 10, 2023

**#C401, 42 Sirirat Rd
Phuket, Thailand 83150
+447773694657**

*Pro se* **Plaintiff's application for a Temporary-Restraining Order is denied without prejudice to renew due to** *pro se* **Plaintiff's failure to comply with Federal Rules of Civil Procedure Rule 65. The Clerk of Court is kindly directed to mail a copy of this Endorsement to the** *pro se* **Plaintiff at the address listed on ECF, to show service on the docket, and to terminate the motion at ECF No. 54.**
**Dated: October 11, 2024
    White Plains, NY**

SO ORDERED:

*[signature]*

NELSON S. ROMÁN
United States District Judge

07:30



**Meagan McGough** ✓

WED 23:58

https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=yNXGwkwaaEEpH6Jv4smmNw==

Page 9 of the document is particularly informative on the now confirmed affidavit claiming deceit from your son from his own legal counsel in NY. Outright lies, false claims, gaslighting, and extortion with no remorse on how it would affect others or my family.

I'm sure you're a very proud Mum.

If you accept, Meagan will be able to call you and may see info such as your Active Status and when you've read messages.

Block    Delete    Accept

EXHIBIT 2



**tattletreble** Jamie Hodges – Part 1 👋🏻

9 hours ago