Plaintiff's Response to Order to Show Cause

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JAMIE HODGES,

Plaintiff,

-against-

MCGOUGH ENTERPRISES LLC, individually and
d/b/a MCGOUGH ACADEMY, and MEAGAN
MCGOUGH, individually,
Defendants.
-------------------------------------------------------------------X
Index No.: 23 CIV 05016 (NSR)

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
-------------------------------------------------------------------X

Plaintiff, Jamie Hodges, respectfully submits this Response to the Court's Order to Show Cause dated September 25, 2024 (ECF No. 53), regarding the replacement of Hodges I (7:23-civ-05016) in favor of Hodges II (1:24-civ-06828). Plaintiff contends that Hodges II reflects both important strategic changes and more current allegations, with it therefore appropriate to dismiss Hodges I and proceed solely with Hodges II.

**Key Differences Between Hodges I and Hodges II**

1. **Representation and Pro Se Status:**

In Hodges I, the Plaintiff was represented by attorneys from Phillips & Associates, PLLC. However, in Hodges II, Plaintiff is now proceeding *pro se*, permitting a direct engagement with the facts and provide a more personal, thorough presentation of the case. The pro se status also ensures that the Plaintiff is more flexible in navigating the legal process. (*Haines v. Kerner, 404 U.S. 519 (1972)*), confirming that pro se complaints should be held to less stringent standards. Dismissing Hodges I in favor of Hodges II

allows Plaintiff to pursue his claims in the most efficient manner without the involvement of external legal counsel.

### 2. Bench Trial vs. Jury Trial:

In Hodges I, Plaintiff demanded a jury trial, but in Hodges II Plaintiff has explicitly waived this right, opting for a bench trial. This waiver reflects the Plaintiff's intention to streamline the case and resolve it through judicial determination rather than jury deliberation. A bench trial is better suited to resolve the complex and nuanced issues in this case, which include emotive and sensitive matters of sexual harassment and retaliation. As a *pro se* litigant Plaintiff will be handicapped if forced to defend himself from the retaliatory counter claim and proceeding with his original claim, with this adding needless difficulty in navigating the case through conclusion. The right to waive a jury trial is affirmed in *Monaghan v. SZS 33 Associates, L.P., 73 F.3d 1276 (2d Cir. 1996*)

This need for streamlining this legal dispute is reinforced by defendant's direct communication with the plaintiff's family and derogatory public posts constitute harassment. In *People v. Shack* (86 N.Y.2d 529, 1995),* the court affirmed that repeated, unwanted communications designed to annoy or harass can warrant injunctive relief. By opting for a judicial verdict without a jury the Court can readily oppose the defendant's obvious persistent and degrading behavior, and take extra care in its rulings to ensure that further harassment is curtailed. The shift to a bench trial in Hodges II is a critical procedural change required for this.

### 3. Expanded Allegations of Post-Employment Retaliation:

Hodges II introduces new allegations of retaliatory conduct that occurred after the filing of Hodges I. These include McGough filing a frivolous lawsuit against previous representation (**Meagan McGough v. Phillips & Associates, PLLC 153216/2024 - New York County Supreme Court**) along with additional defamatory statements and actions by the Defendant that have further harmed the Plaintiff's reputation and career. Since these retaliatory actions occurred after the Hodges I complaint was filed, Hodges II presents the most up-to-date factual circumstances, making Hodges I outdated and inadequate. (See, *Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)*, regarding the scope of retaliation claims). Replacing Hodges I ensures that the Plaintiff's most recent and comprehensive claims are fully addressed in Hodges II.

Since the original filing, the defendant, Meagan McGough, has engaged in repeated, harassing behavior aimed at the plaintiff and his family, along with defamatory public statements made on social media. This conduct has seen the need to file for an urgent injunction and this behavior constitutes harassment under New York law. As the defendant continues to demonstrate a malicious intent to harm the plaintiff's reputation

and interfere with legal proceedings, this supports the need for careful judicial consideration and protective measures, confirming the need for Hodges II to be the point of reference for the claim, so McGough can be held accountable for this reprehensible behaviour.

The defendant's ongoing defamatory statements, particularly those posted publicly under the Instagram handle 'tattle_trebles' and direct messages to family members are actionable under New York law. As established in *Rosenberg v. MetLife, Inc. (8 N.Y.3d 359, 2007),* false and malicious public statements intended to damage one's reputation can serve as grounds for an injunction. For this action to be installed it must be done under Hodges II as it further captures the defendant's repeated defamatory conduct since the filing of this case.

### 4. Jurisdictional and Venue Differences:

In Hodges I, Plaintiff was a resident of England, whereas in Hodges II, Plaintiff now resides in Phuket, Thailand. This change is more than just a jurisdictional update; it reflects Plaintiff's current situation and underscores the necessity of updating the claims and any relevant jurisdictional and logistic considerations. Both the facts and venue in Hodges II align better with Plaintiff's current circumstances, further supporting the replacement of Hodges I with Hodges II.

**Legal Argument in Support of Dismissing Hodges I**

Hodges II should replace Hodges I for both procedural and substantive reasons. Courts have the discretion to dismiss duplicative lawsuits, but only when the subsequent action does not present any new or materially different claims. Here, Hodges II reflects significant updates in strategy, allegations, and Plaintiff's current situation, all of which justify proceeding solely with Hodges II. (See, *Curtis v. Citibank, N.A., 226 F.3d 133 (2d Cir. 2000)*, this holding that a district court has discretion to dismiss a second suit that is duplicative of the first, but where the second action presents a more comprehensive case, it may be appropriate to remove the first action. Proceeding with Hodges II avoids unnecessary duplication, the need for a further claim for the continued harassment and ensures the Court can focus on the most relevant and up-to-date claims.

The defendant's actions, including public attacks and attempts to misrepresent the facts of the case, directly interfere with the ongoing litigation. The court in *Murry v. Gelber (870 N.Y.S.2d 378, 2008)* recognized that such behavior not only harms the parties involved

but can also prejudice court proceedings. These will not cease unless they can be captured within the Courts remit.

**Conclusion**

Based on the defendant's post-filing behavior and New York law concerning harassment and defamation, it is crucial that the court considers these actions carefully in making its rulings. Therefore, plaintiff requests that the updates to the case remain intact and that judicial oversight is exercised with heightened care to prevent further harm.

For the reasons stated above, Plaintiff respectfully requests that the Court replace Hodges I with Hodges II. The claims in Hodges II reflect the most recent and relevant facts, as well as Plaintiff's current legal strategy and circumstances. Proceeding solely with Hodges II will streamline the case and allow for a more efficient and fair adjudication.

Respectfully submitted,

_____

Jamie Hodges
Pro Se Plaintiff

#C401, 42 Sirirat Rd Phuket

Phuket, Thailand 83150

+447773694657

Dated: October 22nd 2024