UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMIE HODGES,

Plaintiff/Counter-Defendant,

Docket No. 23-CV-05016 (NSR)

-against-

MCGOUGH ENTERPRISES LLC, individually and d/b/a MCGOUGH ACADEMY, and MEAGAN MCGOUGH, individually,

Defendants/Counter-Plaintiffs.
-----------------------------------------------------------------X

**COUNTER-PLAINTIFFS' SUR-REPLY IN OPPOSITION TO COUNTER-DEFENDANT'S MOTION TO DISMISS THEIR COUNTERCLAIMS**

Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-02323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

I. HODGES' RULE 11 WARNINGS AND AFFIDAVIT ARE IRRELEVANT AND LACK PROBATIVE VALUE ...................................................................................................... 1

II. HODGES' DISCOVERY CLAIM IS FALSE AND IRRELEVANT ........................................................................................................................................ 5

III. THE COURT SHOULD CONSIDER MCGOUGH'S AFFIDAVIT FOR ITS FACTUAL RELEVANCE ........................................................................................................................ 6

CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Statutes and Rules**

New York Civil Rights Law § 52-b ……………………………...……………………… 1, 3, 4, 6

Federal Rules of Civil Procedure, Rule 11 ……………………...……………………. 1, 2, 5, 6

Federal Rules of Civil Procedure, Rule 12(b)(6) ………………..………………………….. 1-5

Federal Rules of Civil Procedure, Rule 12(f) ……………………..……………………….. 2, 5

## PRELIMINARY STATEMENT

Defendants/Counter-Plaintiffs McGough Enterprises LLC and Meagan McGough submit this sur-reply, pursuant to the Court's authorization (ECF No. 75), to address improper arguments raised by pro se Plaintiff/Counter-Defendant Jamie Hodges in his reply memorandum, filed April 1, 2025 (ECF No. 72), supporting his motion to dismiss Defendants' counterclaims (ECF No. 58). Defendants' opposition (ECF No. 67) established the plausibility of their counterclaims for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Defamation, Violation of New York Civil Rights Law § 52-b, and Abuse of Process (ECF No. 13).

Hodges' reply introduces extraneous factual assertions through a March 20, 2025 affidavit (ECF No. 70), Rule 11 warnings, and a false claim of no evidence post-discovery, none of which are permissible under Rule 12(b)(6). In particular, Hodges misrepresents Defendants' affidavit (ECF No. 66), filed in compliance with the Court's February 14, 2025 order (ECF No. 65), as conceding improper conduct, when it solely addressed future restraint as directed. Defendants respectfully request that the Court deny Hodges' motion to dismiss, strike or disregard his improper arguments, and permit the counterclaims to proceed to discovery.

## ARGUMENT

### I. HODGES' RULE 11 WARNINGS AND AFFIDAVIT ARE IRRELEVANT AND LACK PROBATIVE VALUE

Hodges asserts that Defendants acted in bad faith by pursuing their counterclaims after his Rule 11 warnings, served February 27, 2025, as detailed in his sanctions motion and accompanying affidavit (ECF No. 72, pp. 8, 13, 18, 21, 23; ECF Nos. 68–70). This argument is procedurally improper, relies on an affidavit replete with irrelevant and non-probative assertions,

and misrepresents Defendants' affidavit filed in compliance with the Court's order (ECF No. 65). The Court should strike or disregard these claims under Rule 12(f) as they fail to undermine the plausibility of Defendants' counterclaims.

First, Hodges' Rule 11 warnings are wholly irrelevant to the Rule 12(b)(6) analysis, which evaluates the sufficiency of Defendants' pleaded allegations, not subsequent litigation conduct. The warnings, raised after Defendants' opposition (ECF No. 67) and absent from the Amended Answer (ECF No. 13) or original motion (ECF No. 58), constitute a new factual assertion outside the pleadings. Rule 11 sanctions require a separate motion, and Hodges' attempt to inject them into this motion is procedurally defective. *Id.* The Court should strike these references as immaterial under Rule 12(f), as they do not bear on whether Defendants' counterclaims state plausible claims for relief.

Second, Hodges' affidavit (ECF No. 70) offers only factual assertions, not evidence, and each is irrelevant, non-probative, and insufficient to support dismissal or sanctions. The affidavit's claims are mere denials or allegations, akin to pleadings, and lack the conclusive weight required to challenge Defendants' good faith or counterclaim plausibility. Defendants address each assertion in turn:

a. **No Affair (ECF No. 70, ¶ 1)**: Hodges denies any romantic or sexual relationship with McGough, asserting a professional and friendly connection, citing his complaint (Doc. 1, ¶¶ 12–74) and motion to dismiss (ECF No. 58, p. 6). This denial is irrelevant—it disputes Defendants' factual allegations of a consensual relationship from April 20, 2019, to January 13, 2023 (ECF No. 13, ¶¶ 92–94), which the Court must accept as true under Rule 12(b)(6). Defendants allege specific communications which underpin their counterclaims for

Intentional Infliction of Emotional Distress, Defamation, and Violation of New York Civil Rights Law § 52-b. Hodges' cited proof—his complaint and motion—is itself a pleading or argument, not documentary evidence, and carries no probative weight. This assertion fails to address the legal sufficiency of Defendants' claims.

b. **No Image Threats (ECF No. 70, ¶ 2)**: Hodges denies taking, possessing, or threatening to disclose nude photos or videos of McGough, or demanding payment or marital concessions. This is another factual dispute, irrelevant to whether Defendants' § 52-b counterclaim (¶¶ 153–160) states a plausible claim. Defendants allege specific threats on October 31, 2022, and January 18, 2023 (¶¶ 156–158), which satisfy the statute's elements. N.Y. Civ. Rights Law § 52-b(1). Hodges' denial, supported only by his motion's arguments, is not documentary evidence and lacks probative force. It does not negate the counterclaim's plausibility and is improper under Rule 12(b)(6).

c. **No NIED Basis (ECF No. 70, ¶ 3)**: Hodges denies causing distress through any acts, asserting no affair occurred and no physical harm or fear resulted from his lawsuit or police report. This is irrelevant—Defendants' Negligent Infliction of Emotional Distress counterclaim alleges specific acts, including extortionate demands and false filings (¶¶ 108, 111, 116), resulting in documented distress, such as psychological treatment (¶ 139). New York law does not require physical harm for NIED when emotional harm is genuine. Hodges' cited motion is argumentative, not evidence, and his denial is a factual dispute, not a legal

challenge to the counterclaim's sufficiency. This assertion is non-probative and inapplicable.

d. **McGough's Alleged Harassment (ECF No. 70, ¶ 4)**: Hodges claims Defendants' affidavit (ECF No. 66, ¶ 3) acknowledges that McGough's online posts and family contact are "improper" but fails to address her past harassment, such as a message to his mother on October 9, 2023 (ECF No. 56, Ex. 1) and 'tattle_trebles' posts (ECF No. 56, Ex. 2), contradicting her distress claims (ECF No. 13, ¶¶ 139, 159). This assertion is irrelevant and misrepresents the record. The Court, at its February 12, 2025, conference, directed Defendants to file an affidavit by February 26, 2025, addressing Hodges' motion for injunctive relief and gag order (ECF No. 56), stating that future disparaging posts or family contact would be improper, without admitting past conduct. Defendants complied precisely, filing ECF No. 66, which states such actions "would be improper" (¶ 3), fulfilling the Court's order to moot Hodges' motion. Hodges' claim that this affidavit concedes misconduct is false—it addresses only prospective behavior, as directed. His cited proof—a single message (ECF No. 56, Ex. 1) and unverified posts (ECF No. 56, Ex. 2)—is not documentary evidence, lacks authentication, and is irrelevant to Defendants' counterclaims, which focus on Hodges' actions, including extortion, defamation, and abusive filings. These allegations do not negate Defendants' distress or the plausibility of their claims, rendering them non-probative.

e. **Costs and Future Sanctions (ECF No. 70, ¶¶ 5–6)**: Hodges alleges $552 in costs from Defendants' "harassing" counterclaims and reserves the right to seek

further sanctions (¶¶ 5–6). These claims are irrelevant to Rule 12(b)(6), which does not assess litigation expenses or future intentions but the sufficiency of pleaded allegations. His cost estimate—$402 filing fee, $50–$100 drafting, $10–$50 calls—is speculative, unsupported by receipts, and not probative of bad faith. The threat of future sanctions is a statement of intent, not evidence, and carries no weight in evaluating Defendants' counterclaims. These assertions are mere posturing, not documentary evidence, and are improper at this stage.

Third, Defendants' counterclaims were filed in good faith, grounded in specific, detailed allegations that satisfy Rule 12(b)(6). Defendants allege Hodges' extortionate demand for $1 million (ECF No. 13, ¶ 108), defamatory public statements, such as "This woman needs locked up" (¶ 123), and abusive civil and criminal filings (¶¶ 111, 116), resulting in tangible harm, including the loss of McGough's studio lease (¶ 125). These allegations, supported by communications and a recording (¶¶ 95–101), establish plausible claims for relief, as detailed in Defendants' opposition (ECF No. 67, pp. 4–22). Hodges' affidavit does not demonstrate that Defendants' counterclaims are frivolous or in bad faith, and his sanctions motion (ECF Nos. 68–70) is premature while the Court evaluates the counterclaims' merits. The Court should strike or disregard Hodges' Rule 11 warnings and affidavit as irrelevant to the motion to dismiss and reject his baseless claim of bad faith.

## II. HODGES' DISCOVERY CLAIM IS FALSE AND IRRELEVANT

Hodges asserts that Defendants lack evidence "post-discovery" to support their counterclaims (ECF No. 72, p. 6). This claim is factually false and procedurally irrelevant. No discovery has occurred in this action, as the docket reflects no approved Case Management Plan (ECF No. 52, submitted August 14, 2024, but pending). Rule 12(b)(6) evaluates the plausibility

of Defendants' allegations, not the existence of discovery evidence. Defendants' counterclaims allege specific acts, including Hodges' extortionate demand for $1 million (ECF No. 13, ¶ 108), defamatory statements (¶ 123), and financial harm, such as the loss of McGough's studio lease (¶ 125), all sufficient to survive dismissal. Hodges' claim misrepresents the case's procedural status and lacks any bearing on the counterclaims' legal sufficiency. Defendants respectfully request that the Court strike this assertion as immaterial under Rule 12(f) or disregard it in evaluating the motion to dismiss.

## III. THE COURT SHOULD CONSIDER MCGOUGH'S AFFIRMATION FOR ITS FACTUAL RELEVANCE

Defendant Meagan McGough submits a separate affirmation ("McGough Aff."), filed concurrently, to address new factual assertions in Hodges' reply memorandum and affidavit. Hodges denies any consensual relationship from April 20, 2019, to January 13, 2023, asserts employment with McGough Academy from 2018 to 2020, and denies harassment or assault. McGough's affirmation counters these claims, affirming the relationship's existence, evidenced by communications and a February 24, 2020 recording, directly contradicting Hodges' allegations.

She alleges Hodges admitted to the relationship in a 2020 witness statement he obtained from her for litigation in the United Kingdom, *Hodges v. Naish*, and that he sought to skip a trial in that case to celebrate his birthday with her in New York, undermining his denial in this action. McGough also asserts Hodges forged a letter on fake McGough Academy letterhead, using her signature, to excuse missing the *Naish* trial by claiming pro bono cancer treatment in the United States, despite a diagnosis date conflicting with his claimed employment timeline here (McGough Aff. at ¶¶ 11-14).

McGough disputes Hodges' employment history, alleging he earned income from other U.S. dance schools, such as The Royal Academy of Irish Dance and Mullane Healy Godley School in Chicago, as shown by his I-129 Form and FOIA visa records from 2019 to 2020. She notes his filings in *Hodges v. Lutwin* list multiple other dance schools as employers during 2018 to 2020, with no mention of McGough Academy until this action, and that his On The Move Ltd. business records and Instagram posts confirm he operated as a consultant for numerous U.S. and international dance schools, such as Drake School in Atlanta and Steel School in British Columbia, throughout 2019, contradicting his claim of full-time employment with McGough Academy. McGough further alleges Hodges' visa was revoked by the U.S. Department of Homeland Security in January 2020, after which he re-entered as a tourist, casting doubt on his employment status (*Id.* at. ¶¶ 5, 24-25).

She asserts Hodges falsely accused her of posting on an anonymous message board, "Voy," about misconduct with minors, a claim contradicted by public accusations in litigation and articles, including *Hodges v. Naish* and *Hodges v. Healy*, known to Hodges and his prior counsel at Phillips and Associates before this action. McGough questions Hodges' jurisdictional standing, noting his primary residence in the United Kingdom, claimed residence in Thailand, and entry to the United States on a business visa while misrepresenting himself as a Dublin law firm employee, despite not being licensed to practice law in the UK or Ireland. These assertions respond to Hodges' new arguments, reinforce the factual basis of Defendants' counterclaims, and provide relevant context to evaluate the veracity of Hodges' claims. The Court should consider McGough's affirmation as factually relevant to ensure a complete record in evaluating the motion to dismiss (*Id.* at ¶¶ 28-34).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiff's motion to dismiss Defendants' counterclaims (ECF No. 58) in its entirety, strike or disregard the improper arguments in his reply memorandum, including the March 20, 2025 affidavit, Rule 11 warnings, and discovery claim (ECF No. 72), as outside the scope of Rule 12(b)(6), and permit Defendants' counterclaims to proceed to discovery. Defendants further request such other and further relief as the Court deems just and proper.

Dated: April 22, 2025
Glen Cove, New York

Adam C. Weiss, Esq.
The Law Firm of Adam C. Weiss, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323