**JASNE & FLORIO, L.L.P.**
*Attorneys & Counselors at Law*
30 Glenn Street - Suite 103
White Plains, New York 10603
Tel: (914) 997-1212
Fax: (914) 682-8692
E-mail: jf@jasneflorio.com
Service by Electronic Means of Any Document
Without Written Authorization Is Not Accepted

Hugh G. Jasne, NY
Daniel F. Florio, Jr., NY & CT

Joseph F. Dursi, Jr., NY & CT
Amar A. Agrawal, NJ & PA *
Janet L. Gold, NJ & PA *

* Of Counsel

October 21, 2025

Hon. Nelson S. Roman, USDJ                    ***Via PACER & fax: 914 390-4179***
300 Quarropas Street
White Plains, New York 10601

Re:     Hodges v. McGough *et. al.* Dkt. No.: 7:23-cv-05016
        Response to Plaintiff's Request for FRCP 26(c) Protective Order (October 16, 2025)

Dear Hon. Judge Roman:

Defendants submit this letter in response to Plaintiff's October 16, 2025 Pre-Motion letter renewing Plaintiff's request under Rule 26(c) Motion for a Protective Order. As set forth herein and Defendants' prior submissions filed as PACER ## 96, 100 & 105, which are incorporated by reference hereto; Plaintiff's claims seeking "...a protective order to **stay discovery** and prohibit all direct or indirect contact by Ms. McGough" (pge 3) by 3 pages of wholly unsupported allegations and previously DENIED. (PACER # 106). There is no basis for reargument of that Decision and Order. Per Defendants prior PACER submissions, Plaintiff fails to meet the FRCP 26 requisite legal standards, nor any other and is factually deficient as cited in those submissions. See Arthur v Orchestrate Bus. LLC, 2024 US Dist LEXIS 191368 [SDNY Oct. 17, 2024], Wilner v Leopold & Assoc., PLLC, 2024 US Dist LEXIS 74121 at *7 [SDNY Apr. 22, 2024, No. 7:15-cv-9374-VR]. See also Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995) and Childers v NY & Presby. Hosp., 36 F Supp 3d 292, [SDNY 2014], FRCP 26, and Kenyatta v Combs, 2025 US Dist LEXIS 179243 @ *24-25 [SDNY Sep. 12, 2025, No. 24-cv-6923] for staleness.

Plaintiff's allegations are outdated, baseless, unsupported and/or conclusory and devoid of proof that any such conduct is attributable to, or at the behest of Defendant as opposed to anyone else. Further, the undersigned advised McGough of the Court's concerns and that she should advise anyone who might be "helping" her without her knowledge or consent to "please stop". Further, as per a google search and other review, there are

numerous parties with gripes against Plaintiff herein and for him to baselessly attribute these acts to McGough is insufficient to grant the relief, even assuming *arguendo* the claimed acts are deemed actionable which was previously determined as inapplicable under PACER # 106. There is no proof who sent the messages, nor that such constitute "harassment" noting Plaintiff resides in Thailand, and the claims are mostly stale.

**Addressing "Specific Instances of Harassing Conduct"**: Defendant denies she sent nor instigated these messages. *Arguendo*, they fail to establish a "pattern" and have nothing to do with staying or limiting discovery, which is Plaintiff's repeated objective citing four instances of alleged harassing conduct he attributes to Defendant but wholly devoid of proof. Plaintiff alleges an Instagram (Exhibit A) was sent on September 27, 2025, one day *prior to* the undersigned's aforesaid conversation with McGough. Further, Plaintiff's (Exhibit A) contains **no date** making it wholly speculative as to when it was sent or by whom.

Further, a party commencing an action subjects themself to discovery: "Plaintiff's motion for a protective order 90 is denied. **Plaintiff voluntarily commenced this action. In doing so, he subjected himself to discovery,** including a deposition by oral examination pursuant to FRCP 30." *Burrell v Uhler*, 2025 US Dist LEXIS 62905, @ *7-8 [NDNY 4/2/2025, 9:22-CV-1178 (**Emphasis added**).

**Addressing "September 2024 LinkedIn Surveillance"**: Plaintiff unsupportedly asserts McGough is "Erin O'Brien" and/or that she, or anyone at her behest sent such, nor how such are harassing. Plaintiff adds: "Concurrently, my private LinkedIn details were disseminated on Voy, an anonymous Irish Dancing forum where Ms. McGough posts actively, exposing my professional information to public scrutiny (p. 2)" citing Exhibit B as proof. Pivotally, these messages are undated making it wholly speculative as to when or by whom they were sent. The upper right side of Exhibit B reads: "28/09/25, 21:45", presumably the date the exhibit was printed and not proof when sent. Also, it would be virtually impossible **if all** the messages were sent at the exact same time. *Arguendo*, even if posted on September 28th, this is the same day the undersigned advised McGough to disseminate that people not to "help" her and while no one upon information and belief came forward, it is plausible the message was heard in that none of these messages occurred thereafter. Unsupported claims of

reputational harm are belied by his google reputation and his Thailand residence.

**Addressing "October 2023 Message to Family: On October 9, 2023"**. Plaintiff alleges McGough sent "an insulting and degrading message" to his mother, "calculated to induce emotional distress and disrupt my focus on this litigation (Exhibit C)" apparently referring to the Memorandum of Law in a related NY State case wherein Plaintiff's then counsel admitted Plaintiff lied about his romantic/sexual relationship with McGough. Such message was not defamatory as it is true. Plaintiff's claims this contact "has chilled potential witness cooperation, as family members fear further harassment, directly hindering my ability to gather evidence and prepare for discovery" wholly devoid of support. Further, this message was allegedly sent *prior to* my September 28th admonition to McGough.

**Addressing April 2024 Defamatory Instagram Posts:** Plaintiff provides no support including Meta removed his account for allegedly violating its policies; nor that he sustained actionable "reputational harm" thwarting participation in discovery which was already ruled against Plaintiff. Finally, his own Exhibit C proves he lied to his counsel.

**Impact on Litigation and Good Cause for Relief**: Plaintiff asserts without specification : "These actions collectively prejudice this litigation by imposing undue burdens on discovery, as recognized in *Murry v. Gelber*, 870 N.Y.S.2d 378 (App. Div. 2008)" [NO citation could be located]. While bemoaning expended time and resources he serially files baseless claims repeatedly requesting discovery be stayed. There is no support McGough is the cause of the claimed harassments, nor of any "chilling effect". Let the authorities to whom Plaintiff reported address such as warranted.

Plaintiff states no bond should be required citing *Hoover v. Wagner*, 47 F3d 845 a 1995 Seventh Circuit case which does not address a bond nor submits supporting financial information. Further, as he is in Thailand, any judgment against him is likely meaningless. Thus, a bond should be mandated.

Accordingly, Plaintiff's requests should be denied with prejudice. Thanking the Court for it's time.

Respectfully submitted,

/s/ Hugh G. Jasne, Esq.

Hugh G. Jasne