*Attorneys & Counselors at Law*

| | | |
|---|---|---|
| Hugh G. Jasne, NY | 30 Glenn Street - Suite 103 | USDC SDNY |
| Daniel F. Florio, Jr., NY & CT | White Plains, New York 10603 | DOCUMENT |
| | Tel: (914) 997-1212 | ELECTRONICALLY FILED |
| | Fax: (914) 682-8692 | DOC #: _____ |
| Joseph F. Dursi, Jr., NY & CT | E-mail: jf@jasneflorio.com | DATE FILED: 10/23/2025 |
| Amar A. Agrawal, NJ & PA * | Service by Electronic Means of Any Document | |
| Janet L. Gold, NJ & PA * | Without Written Authorization Is Not Accepted | |

*\* Of Counsel*

October 21, 2025

Hon. Nelson S. Roman, USDJ        ***Via PACER & fax: 914 390-4179***
300 Quarropas Street
White Plains, New York 10601

    Re:    Hodges v. McGough *et. al.*    Dkt. No.: 7:23-cv-05016
            Letter from Plaintiff dated Oct 16, 2025 for **FRCP 12(b)(6)** dismissal

Dear Hon. Judge Roman:

    Defendants submit this letter opposing Plaintiff's "Request for Leave to File Motion to Dismiss Defendants' Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6)" dated October 16, 2025, which Defendants treat as a Pre-Motion letter. As set forth herein, and Defendants' prior submissions, Plaintiff's request is baseless, unsupported, inaccurately states law and facts, and wholly ignores *McGough v. Phillips*, discussed below.

    Initially, notwithstanding Plaintiff's assertion, there is no motion attached as **Exhibit "A"**.

    Plaintiff argues the Second Amended Answer (Counterclaims) "SAA" contains "...new allegations-such as contradictory denials of employment (¶¶ 257-259) and unsupported inappropriate advances (¶¶ 168-170, 248-250)-warrant reconsideration under the 'law of the case' doctrine due to changed circumstances", citing *Johnson v. Holder*, [sic] 564 F.3d 95 (2d Cir. 2009), pgs., 1-2, devoid of any explanation of how the law of the case doctrine is applicable. Plaintiff mis-characterizes SAA ¶¶ 257-259, maintains he was an employee which is disputed and fails the test of FRCP 12(b)(6) *infra*. Finally, the SAA meets the "plausibility" standard of 12(b)(6). ***Internal Contradictions***: Defendant consistently alleges Hodges was not an employee. It is *Plaintiff* who alleges otherwise (SAA ¶¶ 257-259). Plaintiff misreads the SAA including specifically paragraph 258, and further erroneously alleges.....

*MEMO ENDORSED*

see pg.3

<u>Internal Contradictions</u>: <u>Irreconcilable narratives</u>, such as a depicted consensual relationship (¶¶ 109-145) clashing with coercive blackmail allegations over the same period (¶¶ 118-125), rendering the pleadings implausible and unworthy of credence (<u>Chanko v. Am. Broad. Cos</u>., 27 N.Y.3d 46, (2016))", p.2,

Plaintiff cites the wholly inapplicably, NYS <u>Chanko</u> case. Plaintiff's contentions are belied by <u>McGough v. Phillips</u> *infra* and especially SAA ¶¶ 109-145. Finally, the standard on a 12(b)(6) motion is well settled:

> ....to dismiss under Rule 12(b)(6) for failure to state a claim, "**accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor**." ...[citations omitted]..."To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"...[citations omitted]...To state a **plausible claim**, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."

<u>Fin. Guar. Ins. Co. v Putnam Advisory Co., LLC,</u> 783 F3d 395, [2d Cir 2015]. [**All Emphasis Added**].

The facts of the case known to date fully support Defendants claims including statements in a related NYS case involving Plaintiff and the same issues which Plaintiff seeks to dodge:

> On October 19, 2023, Mr. Weiss emailed Ms. Tubman a **series of documents including messages which clearly evidence flirtatious communications between Mr. Hodges and McGough that Mr. Hodges had not disclosed to Ms. Tubman.**

<u>McGough v. Phillips</u>, Dkt # 153216/2024, NY Cty MOL pge 9. See <u>PACER # 101</u>. [**Emphasis Added**].

***Reliance on Privileged Conduct***: Plaintiff again offers no explanation, analysis, nor discussion and wholly fails to cite to any portion of the SAA. If Plaintiff argues the unidentified "lawsuit" is privileged, NYSCEF and PACER filed case documents are publicly accessible records.

***Time Barred Allegations***: Again, Plaintiff's statements are unsupported. If Plaintiff argues the IIED counterclaim is time-barred, and fails to "relate back" ("to an unidentified event"), he fails to state when the claims arose vis-a-vis when the SAA/Answer/Amended Answer were filed requiring denial. There is no analysis nor support proffered. Further, and in *arguendo* only, and while such is certainly *not* conceded, even if time barred:

> Under CPLR 203(d), claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the statute of limitations, even though an

independent action by the defendant might have been time-barred at the time the action was commenced...[allowing]...a defendant to assert an otherwise untimely claim which arose out of the same transactions alleged in the complaint, but only as a shield for recoupment purposes, and does not permit the defendant to obtain affirmative relief

*Carlson v Zimmerman*, 63 AD3d 772; *Harrington v Gage*, 43 AD3d 1393;

**_Vagueness, Lack of Support and Scandalous Assertions_**: Plaintiff again wholly omits citation to the SAA and fails to engage in any analysis nor application of his cited cases mandating dismissal of Plaintiff's requested motion, and further, it is well settled that to:

> ...**warrant dismissal of a complaint for "failure to state a claim upon which relief can be granted**," Fed. R. Civ. P. 12(b), it must "**appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief**,"..[citations omitted]...."**The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims** ...[citations omitted]...**To satisfy the notice pleading requirements, a complaint need include only a "short and plain statement of the claim showing that the pleader is entitled to relief**." Fed. R. Civ. P. 8(a)(2). **Such a statement must "'give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests...[citations omitted]... but it need not plead evidence....**
>
> .....**the allegations were sufficient to give the sellers fair notice...of the general claims...[and]...further details...could have been elicited through discovery**.

*Util. Metal Research, Inc. v Generac Power Sys.*, 179 F App'x 795, [2d Cir 2006]. [**All Emphasis Added**].

**_Anti-SLAPP Is Wholly Inapplicable_**: There is no applicable "...heightened anti-SLAPP scrutiny requirement..." as Plaintiff alleges. Anti-SLAPP statutes involve "...public petition and participation..". *Civil Rights Law § 76-a* [1] [a] [1]. *Aristocrat Plastic Surgery, P.C. v Silva*, 206 AD3d 26, [1st Dept 2022]. See *Ernst v Carrigan*, 814 F3d 116, [2d Cir 2016]. Further, this claim is stated in SAA ¶ 149 *et. seq*.

For the reasons above Plaintiff's application should be denied in the entirety with prejudice, as this is the third request for this relief. Thanking Your Honor for your time and consideration.

Respectfully submitted,

/s/ Hugh G. Jasne, Esq.

Hugh G. Jasne

---

By letters dated October 10, 2025, pro se Plaintiff seeks leave of Court to file a motion pursuant to Rule 26 for a protective order and Rule 12 to dismiss Defendants' counterclaims. By letters dated October 21, 2025, Defendants oppose the applications. Upon a review of the respective correspondence, the Court waives the pre-motion conference requirement and sets the following briefing schedule:
- Plaintiff's motion pursuant to Rule 26 and Rule 12 is to be served (not filed) on December 2, 2025;
- Defendants' opposition is to be served (not filed) on January 8, 2026; and
- Plaintiff's reply is to served on January 27, 2026.

All motion papers are to be filed on ECF on January 27, 2026. As the motion papers are served, the parties are directed to provide two hard copies via regular mail and to send a digital copy via email to Chambers. Defendants are directed to mail a copy of this Endorsement to pro se Plaintiff at the address listed on ECF and to file proof of service on the docket. The Clerk of Court is directed to terminate the motions at ECF Nos. 111 & 112.

Dated: October 23, 2025
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge