USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/4/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIE HODGES,

                     Plaintiff/Counter-Defendant,

            -against-

MCGOUGH ENTERPRISES, LLC, individually and
d/b/a MCGOUGH ACADEMY, and MEAGAN
MCGOUGH, individually,

                   Defendants/Counter-Plaintiffs

23-cv-05016 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Jamie Hodges ("Plaintiff") initiated this action on June 15, 2023, asserting state-law claims for violations of the New York Human Rights Law § 296, assault, battery, negligent infliction of emotional distress against McGough Enterprises, LLC ("McGough Enterprises") and Meagan McGough ("McGough" or "Defendant McGough") (collectively, "Defendants"). On September 21, 2023, Defendants filed an amended answer denying the allegations, asserting multiple defenses, and asserting counterclaims. (Amended Answer, ECF No. 13.) On November 21, 2023, the Plaintiff filed an answer to Defendants counterclaims. (ECF No. 26.)

Presently before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 11(c)(2) ("Rule 11(c)(2)"), for sanctions against Defendants and their counsel for "filing and maintaining baseless and untrue counterclaims." (ECF No. 116.) More specifically, Plaintiff asserts that the counterclaims lack any evidentiary support. (*Id.*) Defendants oppose the motion. For the following reasons, the motion is DENIED as premature, without prejudice to renew.

1

**BACKGROUND**

The following facts are derived from Defendant McGough's amended answer and counterclaims.

Plaintiff and Defendant McGough were purportedly engaged in a romantic, sexual affair from April 20, 2019, to January 13, 2023. (Amended Answer ¶ 93.) In February 2020, Plaintiff began pressuring Defendant McGough to leave her husband. (*Id*. ¶ 98.) Plaintiff told Defendant McGough that if she did not leave her husband, Plaintiff would go public with their affair and attempt to ruin her marriage, reputation and career. (*Id*. ¶ 99.) Defendant McGough refused to leave her husband, at which point Plaintiff allegedly extorted Defendant McGough with monetary demands. (*Id*. ¶ 103.) Plaintiff told Defendant McGough that if she did not leave her husband, he would manufacture a false lawsuit against her to destroy her marriage, reputation and career. (*Id*. ¶ 104.) In the alternative, Plaintiff demanded that Defendant McGough pay him so he would go away. (*Id*.) Plaintiff ultimately carried out his threat to bring a lawsuit against Defendant McGough and commenced the instant action. (*Id*. ¶¶ 111, 115.)

Plaintiff purportedly took photographs and videos of Defendant McGough naked and engaged in sexual acts that she expected would remain private. (*Id*. ¶ 156.) Plaintiff threatened to publish and circulate such images and videos on the internet without Defendant McGough's consent if she did not leave her husband. (*Id*.) When Defendant McGough refused to leave her husband, Plaintiff demanded that Defendant McGough pay him $1 million and confess the affair to her husband. (*Id*. ¶ 158.)

Plaintiff published purportedly false allegations to public forums that Defendant McGough raped and sexually assaulted Plaintiff. (*Id*. ¶ 123.) Consequently, Defendant McGough, a dance teacher, lost multiple dance students, contracts for dance teaching services, and the lease for her studio space in Eastchester, New York. (*Id*. ¶ 125.) As a result of Plaintiff's conduct, Defendant

McGough has had to see a psychologist and experiences anxiety, depression, loss of appetite and an inability to work, focus, sleep or function as normal. (*Id*. ¶¶ 119, 130.)

Based on the foregoing, Defendant McGough brings counterclaims asserting, *inter alia*, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, abuse of process, and a violation of the New York City Civil Rights Law.

## PROCEDURAL HISTORY

On June 15, 2023, Plaintiff commenced this action against Defendants. (ECF No. 1.) On August 31, 2023, Defendants filed their answer to the complaint. (ECF No. 10.) Defendants subsequently filed an amended answer and counterstatement of facts ("Answer") to Plaintiff's complaint, which is the operative answer. (ECF No. 13.) On November 21, 2023, Plaintiff filed an answer to Defendants counterclaims. (ECF No. 26.) On December 1, 2025, Plaintiff filed his instant motion, pursuant to Rule 11, for sanctions against the Defendants and their counsel for "filing and maintaining baseless and untrue counterclaims." (ECF No. 116.) On December 1, 2025, Defendants filed their opposition. (ECF No. 117.)

## LEGAL STANDARD

Generally, Rule 11(a) requires "[e]very pleading, written motion, and other paper" to be "signed by at least one attorney of record" or, "if the party is unrepresented", by the party personally. Fed. R. Civ. P. 11(a). Rule 11(b) further provides that, "[b]y" presenting a pleading, written motion, or other paper" to the Court, "an attorney or unrepresented party certifies that, to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances", the filing "is not being presented for any improper purpose", the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law", and "the factual contentions have evidentiary support" or "will likely

3

have evidentiary support after a reasonable opportunity for further investigation or discovery". Fed. R. Civ. P. 11(b).

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 8 (2d Cir. 2019) (quoting *Kropelnicki v. Siegel,* 290 F.3d 118, 131 (2d Cir. 2002)). Pleadings violate Rule 11 if they are determined to be frivolous, legally unreasonable, or factually without foundation, even if not filed in bad faith. *Wechsler v. Hunt Health Sys., Ltd.,* 216 F.Supp.2d 347, 356 (S.D.N.Y. 2002). The imposition of sanctions under Rule 11 requires a showing of "objective unreasonableness on the part of the attorney or client signing the papers." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir.1997)). Any doubt must be resolved in favor of the signer of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993). Further, "a litigant's obligations with respect to factual assertions and contentions in court documents are measured from the time they are submitted to the court and continue until such time as it is determined that they lack merit." *See* Fed. R. Civ. P. 11(b)-(c) Advisory Committee's Note (1993).

Generally, sanctions should be imposed only in "extraordinary circumstances." *Graves v. Deutsche Bank Sec. Inc.*, 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (internal quotation marks omitted). The court's authority to impose sanctions is limited, such that the penalty imposed, if any, should be "sufficient to deter repetition of such conduct." See *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.,* 186 F.3d 157, 166 (2d Cir. 1999) (internal citations omitted). Even when there has been a determination that a party's conduct is violative of Rule 11,  the decision to

4

impose sanctions rest in the court's discretion. *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (internal citations omitted).

## DISCUSSION

In support of his motion, Plaintiff denies the allegations asserted in support of Defendant McGough's counterclaims and asserts that "there is no truth to the accusations." (*See* ECF No. 116-2.) Additionally, Plaintiff asserts that he has "consistently refuted" the claims and that Defendant McGough has failed to produce any evidence in support of the counterclaims. In opposition to the motion, Defendant McGough avers that her allegations in support of her counterclaims are truthful and purportedly supported by documentary evidence. (*See* ECF No. 117-1.)

Based upon a review of the moving papers, the motion must be denied as premature. The respective parties have submitted competing affidavits attesting to the truthfulness and untruthfulness of the  allegations asserted in the counterclaims. At this stage, little to no discovery has been conducted, and the merits of the allegations have not yet been tested. It is only when "a particular allegation is utterly lacking in support," that sanctions are warranted. *See In re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)). On the present record, the Court cannot conclude that Defendant McGough's counterclaims are utterly lacking in support or that Defendants' filing of the counterclaims was objectively unreasonable. Accordingly, Plaintiff's motion is denied as premature, without prejudice to renew.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for Rule 11 sanctions is DENIED as premature, without prejudice to renew. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 116.  The Clerk of Court is kindly directed to mail a copy of this Opinion and Order to pro se Plaintiff at the address listed on ECF and to file proof of service on the docket.

Dated: June 4, 2026

White Plains, NY

5

SO ORDERED:

NELSON S. ROMÁN
United States District Judge