UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :

Jamie Hodges,                           :

            :

   Plaintiff,                     :         ORDER

            :        23-cv-5016 (NSR)(JCM)

         -against-               :

            :

McGough Enterprises LLC *et al,*     :

            :

   Defendants.                   :
------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

As a threshold matter, Plaintiff's motion is denied without prejudice because the motion does not clearly identify the relief sought or the grounds for that relief. Plaintiff proceeds pro se, and the Court therefore construes his submissions liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *McLeod v. Jewish Guild for the Blind,* 864 F.3d 154, 156–57 (2d Cir. 2017). But even pro se litigants must give the Court and opposing parties fair notice of the grounds for the motion. The Court is not required to reconstruct a motion from arguments that are unclear, overlapping, or not tied to a specific claim or rule. *Triestman*, 470 F.3d at 477 (explaining that courts need not read into pro se submissions "arguments that the submissions themselves do not suggest").

Here, although Plaintiff styles his submission as a motion to dismiss Defendants' counterclaims under Rule 12(b)(6), the memorandum also seeks or appears to seek relief under Rules 12(f), 12(e), and 26(c), as well as costs, fees, and damages under New York Civil Rights Law § 70-a. (Pl. MOL at 28–29, ECF No. 120.) Plaintiff's arguments are presented in overlapping sections addressing alleged internal contradictions, limitations issues, privilege, anti-SLAPP

1

protections, vagueness, lack of support, scandalous allegations, and claim-specific deficiencies. (*Id*. at 2–8.) However, the memorandum does not state with sufficient clarity which arguments apply to which counterclaims, which allegations Plaintiff seeks to strike, or the precise legal basis for each form of relief requested.

By way of example, in addressing the First Counterclaim for intentional infliction of emotional distress, Plaintiff states that "[d]iscovery cannot cure legal deficiencies (e.g. privilege for ¶149, unenforceability for ¶219)," even though the cited ¶219 appears to relate to the lease or contract allegations rather than the intentional infliction of emotional distress counterclaim. (*Id*. at 11.) That cross-reference makes it difficult for the Court to determine the precise legal basis for Plaintiff's requested relief as to the First Counterclaim.

As another example, in addressing the contract-related counterclaims, Plaintiff argues that the Fifth through Seventh Counterclaims fail based on, among other things, an alleged "absence of privity or standing" and "denied employment ties," while also challenging the alleged oral lease, supplemental jurisdiction, and the scope of Defendants' amendment. (*Id*. at 22.) The motion does not explain why Defendants' denial of an employment relationship would necessarily defeat a separate alleged studio-rental agreement, nor does it clearly identify which legal theory applies to which contract-related counterclaim. These examples illustrate the broader problem: Plaintiff's motion blends multiple standards and forms of relief without clearly connecting each argument to a particular counterclaim.

The Court does not deny the motion merely because it is inartfully drafted. Rather, deciding the motion as filed would require the Court to reorganize Plaintiff's arguments, assign legal theories to particular counterclaims, separate Rule 12(b)(6) arguments from requests under Rules

12(f), 12(e), and 26(c) and from Plaintiff's anti-SLAPP requests, and then decide legal theories that Plaintiff has not clearly presented. The Court declines to do so.

Accordingly, Plaintiff's motion is denied without prejudice to renewal. Any renewed motion must comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's Individual Practices. Any renewed motion must also: (1) identify each counterclaim Plaintiff seeks to dismiss; (2) state separately why each counterclaim should be dismissed; (3) identify any allegations Plaintiff seeks to strike under Rule 12(f) and explain why that rule applies; (4) identify any pleading for which Plaintiff seeks a more definite statement under Rule 12(e) and explain why he cannot reasonably respond; (5) separately identify any request for fees, costs, sanctions, or discovery-related relief; and (6) cite only legal authorities Plaintiff has verified and can provide to the Court if ordered to do so.

Plaintiff is further advised that any renewed motion may not be used to relitigate issues already decided by this Court or by Magistrate Judge McCarthy, including prior motions for protective orders and sanctions. Plaintiff is also advised that failure to comply with this Order may result in denial of any renewed motion without further leave to renew or other appropriate relief.

For the foregoing reasons, Plaintiff's motion is DENIED without prejudice. Plaintiff may file a renewed motion consistent with this Order on or before July 20, 2026. If Plaintiff does not file a renewed motion by that date, Plaintiff shall answer Defendants' counterclaims in the Second Amended Answer on or before August 10, 2026. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 120 and to mail a copy of this Order to pro se Plaintiff and show proof of service on the docket.

Dated: June 29, 2026
White Plains, New York

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge

3